IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MURSHED QUTAISH,<br><br>    Plaintiff,<br><br>vs.<br><br>APV VALET PARKING CORP., and ALBERT VUKUDEDAJ, individually,<br><br>    Defendants. | Civil Action No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff MURSHED QUTAISH ("Plaintiff" or "Qutaish"), on behalf of himself and all others similarly situated, by and through his attorneys, Jaffe Glenn Law Group, P.A., upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants APV VALET PARKING CORP., ("APV" or "Defendant"), and ALBERT VUKUDEDAJ, individually, ("Vukudedaj" or "individual Defendant"), (the Corporate Defendant and the individual Defendant are referred to collectively as "Defendants") and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit as a class action pursuant to Rule 23 of the Fed. R. Civ. P., and a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et. seq.* ("FLSA"), on behalf of himself and all other persons similarly situated who suffered damages as a result of Defendants' violations of the FLSA and the New York Labor

1

Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

2.   As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA and the applicable state laws of the State of New York by failing to pay Plaintiff and all other similarly situated employees the minimum wage as well as their overtime hours worked based upon their unlawful policies and practices. Defendants failed to properly pay Plaintiff and other similarly situated employees for their hours worked, as well as those hours that they worked in excess of forty (40) hours per work week at the statutorily required rate of pay in direct violation of the FLSA and applicable state laws of the State of New York.

3.   Plaintiff has retained the law offices of Jaffe Glenn Law Group, P.A., to represent him in this matter.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and 1367, and by 29 U.S.C. § 201, *et. seq*.

5.   The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

6.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants are subject to personal jurisdiction in this District. At all

times material hereto, Plaintiff Jauregui performed non-exempt duties for the Defendants in the County of Bronx, New York, within the jurisdiction and venue of this Court.

8. At all times pertinent to this Complaint, the corporate Defendant is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant was involved in interstate commerce and grossed more than $500,000.00 in the years at issue.

9. Defendants are within the personal jurisdiction and venue of this Court. Defendants directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

10. Upon information and belief, at all times relevant to this Complaint, individual Defendant Vukudedaj has been an owner, partner, officer, and/or manager of Defendant.

11. Upon information and belief, at all times relevant to this Complaint, individual Defendant Vukudedaj managed, owned, controlled and/or operated Defendant APV and regularly exercised the authority to hire and fire employees, determine the work schedule of employees, set the rate of pay of employees and control the finances and operations of the businesses. Additionally, individual Defendant Vukudedaj directly or indirectly acted in the interest of an employer towards Plaintiff Qutaish and other similarly situated employees, at all material times, including, without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees. By virtue of such control and authority, individual Defendant Vukudedaj was an employer of Plaintiff, and all other similarly situated employees, as such term is defined by the Act, 29 U.S.C. 201.et. seq.

12. Defendant Vukudedaj regularly supervised Plaintiff's work, directing what and how Plaintiff was to park clients' cars.

13. Defendant Vukudedaj made the decision not to pay Plaintiff, but instead to simply make him work for tips.

14. Throughout the relevant period, individual Defendant Vukudedaj employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL. Individual Defendant Vukudedaj has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

15. All Defendants, corporate and individual, are covered employers within the meaning of the FLSA and NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## PARTIES

16. Plaintiff is an adult resident of the State of New York.

17. Plaintiff worked for Defendants as a non-exempt valet parker in and about New York from approximately August 2011, through in or about August 2016.

18. At all times relevant to this Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Labor Law § 190(2).

19. Plaintiff Qutaish brings this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated – non-exempt valet parkers – who worked in furtherance of Defendants' valet parking business, on or after October 18, 2013 (three years before the filing of the Complaint in this case) ("FLSA Collective Plaintiffs").

20. Defendant is a corporation organized under the laws of the State of New York with a primary office in Bronx, County of Bronx, N.Y.

4

21. Upon information and belief, at all times relevant to this Complaint, Defendant is in the valet parking business.

22. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to serve clients, on their behalf.

## FLSA COLLECTIVE AND CLASS ALLEGATIONS

23. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

24. This action is brought on behalf of the Named Plaintiff and a collective and class consisting of similarly situated employees who performed work for Defendant as valet parkers to recover unpaid minimum wages and overtime compensation.

25. The Named Plaintiff and members of the putative class and collective are all victims of the Defendants' common policy and/or plan to violate the FLSA by (1) failing to pay all earned minimum wages; and (2) failing to provide overtime wages, at a rate of one and on half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

26. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

27. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned minimum and

overtime wages. The Named Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

28. Upon information and belief, Defendants uniformly apply the same employment policies, practices, ad procedures to all employees who work at the Defendants' valet parking business.

29. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

31. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

32. Plaintiff's claims under the NYLL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

33. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## COMMON FACTS

34. From in or about August 2011, through in or about August 2016, Plaintiff worked for Defendants' business performing duties as a valet parker.

35. Plaintiff was scheduled to work in excess of forty (40) hours per workweek.

36. Plaintiff's duties included valet parking cars.

37. Plaintiff worked five (5) to six (6) days per work week.

38. Plaintiff routinely worked on average approximately forty five (45) hours per week. Plaintiff was not compensated at the required statutory rate for his hours worked in excess of forty (40) hours per work week.

39. Plaintiff was ordinarily only compensated through his tips; Defendants did not pay Plaintiff.

40. In light of the fact that Plaintiff does not have his time records, the time and pay received by Plaintiff is only an approximation.

41. During the employment of Plaintiff by Defendants, other workers employed by Defendants were paid in a similar manner as Plaintiff, and their working schedules were also similar.

42. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

43. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendant.

44. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and FLSA Collective Plaintiff and New York Class Plaintiff, performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

45. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FLSA COLLECTIVE ACTION FACTS

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. For purposes of the FLSA, the Asserted Class is defined as all non-exempt employees, however variously titled, employed by Defendants in New York, who have not been paid for all overtime hours worked.

48. Plaintiff brings this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated – non-exempt valet parkers – who worked in furtherance of Defendants' business, on or after October 18, 2013 (three years before the filing of the Complaint in this case), and who elect to opt-in to this action ("FLSA Collective Plaintiff").

49. All of the work that Plaintiff and the FLSA Collective Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Plaintiffs have performed.

50. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to, willfully failing to compensate Plaintiff and FLSA Collective Plaintiffs the properly

due overtime wages for all of the hours that they worked in excess of forty (40) hours per workweek.

51. Defendants are aware of or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs the properly due an overtime premium for all hours worked in excess of forty (40) per workweek.

52. Plaintiff and FLSA Collective Plaintiffs all perform or performed similar duties and were all compensated in the same manner as Plaintiff.

53. Plaintiff and FLSA Collective Plaintiffs all were improperly compensated.

54. Plaintiff and FLSA Collective Plaintiffs all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendants.

55. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

56. Plaintiff re-alleges and incorporates and hereby references all allegations contained in the Paragraphs 1 through 45 above.

57. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

58. Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

59. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the service of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60. The overtime wage provisions set forth in §§ 201 *et. seq.* of the FLSA apply to Defendants.

61. Defendants are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

62. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

63. Defendants have failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

64. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

65. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

66. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et. seq.*

67. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

## PURSUANT TO THE NEW YORK LABOR LAW

68.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 57 above.

69.     Plaintiff brings this Cause of Action, pursuant to the NYLL, on behalf of himself and all those similarly situated as members of the New York Class ("New York Class") – non-exempt laborers – who worked in furtherance of Defendants' valet parking business, on or after 8, 2010 (six years before the filing of the Complaint in this case).

70.     Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action complaint.

71.     At all relevant times, Plaintiff, and members of the New York Class, were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

72.     Plaintiff and New York Class members are covered by the NYLL.

73.     Defendants failed to pay Plaintiff and members of the New York Class all of the overtime wages due to them in addition to their regular rate of pay to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142.

74.     Defendants have failed to pay Plaintiff and members of the New York Class all of their overtime compensation at the statutorily required rate of at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

75.     Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and New York Class members.

11

76. Defendants' violations of the N.Y. Lab. Law § 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 and as described in this Collective Action Complaint, have been willful and intentional.

77. Due to Defendants' violations of the NYLL, Plaintiff and New York Class members are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 19, § 663, and Article 6, § 198, and pre-judgment and post-judgment interest.

## COUNT III
## RECOVERY OF MINIMUM WAGE
## PURSUANT TO THE FLSA

78. Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

79. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff and similarly situated employees the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a).

80. Because of Defendants' willful violation of FLSA, Plaintiff and similarly situated employees are entitled to recover from Defendants, their unpaid minimum wages, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT IV
## RECOVERY OF MIMIMUM WAGE
## PURSUANT TO THE NYLL

81. Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

82. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff and similarly situated employees the applicable minimum hourly wage in violation of N.Y. Lab. Law § 652.

83. Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five percent of the total of such under-payments found to be due the employee.

84. Because of Defendants' willful violation of the NYLL, Plaintiff and similarly situated employees are entitled to recover from Defendants their unpaid minimum wages and an amount equal to twenty-five percent of their unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## COUNT V
## RECOVERY FOR RECORD KEEPING VIOLATIONS
## PURSUANT TO THE NYLL

85. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 67 above.

86. Defendants have willfully failed to supply Plaintiff and New York Class members, notice as required by NYLL Article 6, § 195, in English or in the language identified

by Plaintiff or New York Class members, as their primary language, containing Plaintiff's or New York Class members, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

87.  Defendants have willfully failed to supply Plaintiff and New York Class members, with an accurate statement of wages as required by NYLL Art. 6 § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

88.  Due to Defendants' violations of the N.Y. Lab. Law § 195, Plaintiff and New York Class members, are entitled to recover from Defendants fifty dollars ($50.00) for each day that the violations occurred or continue to occur, not to exceed five thousand dollars ($5,000.00) each, as provided for by N.Y. Lab. Law Article 6, § 198(1)-b, as well as reasonable attorneys' fees and costs.

89. Due to Defendants' violations of the N.Y. Lab. Law § 195, Plaintiff and New York Class members, are entitled to recover from Defendants two hundred fifty dollars ($250.00) for each day that the violations occurred or continue to occur, not to exceed five thousand dollars ($5,000.00) each, as provided for by N.Y. Lab. Law Article 6, § 198(1)-d, as well as reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself, individually and on behalf of all other similarly situated persons, seeks the following relief:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this Collective Action, or that the Court issue such notice, to all members of the FLSA Class. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

b. An award of unpaid overtime compensation due under the FLSA and the supporting United States Department of Labor regulations;

c. An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

d. An award of unpaid overtime compensation due under the NYLL;

e. An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted by the NYLL;

f. Fifty dollars ($50.00) for each day that the violations of NYLL Article 6 § 195 occurred or continue to occur, not to exceed five thousand dollars ($5,000.00), as provided for by NYLL Article 6 § 198(1)-b;

g.  Two hundred dollars ($250.00) for each day that the violations of NYLL Article 6 § 195 occurred or continue to occur, not to exceed five thousand dollars ($5,000.00), as provided for by NYLL Article 6 § 198(1)-d;

h.  Attorneys' fees and costs of the actions; and

i.  Such other and further relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 20, 2016

Respectfully submitted,

Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
New York Bar No.: JJ8034
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile:  (201) 595-0308
Attorney for Plaintiff