USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MURSHED QUTAISH,

    Plaintiff,

-against-

APV VALET PARKING CORP., et al.,

    Defendants.

16-CV-8264 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

Before the Court is a proposed settlement in a wage and hour action brought by Murshed Qutaish against APV Valet Parking Corp. and Albert Vukudedaj. Plaintiff alleges that he was employed as a valet parker for defendants' business from August 2011 through August 2016, and that defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (FLSA), as well as applicable provisions of N.Y. Labor Law §§ 190, *et seq*. (NYLL) by failing to pay minimum wages and overtime and by violating applicable record-keeping requirements.

On January 24, 2017, the parties consented to my jurisdiction for all purposes pursuant to 28 U.S.C. §636(c). (Dkt. No. 18.) Approximately one year later, after resolving their disputes, the parties submitted their proposed settlement agreement (Agreement) for approval pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016). *See* Joint Letter dated Jan. 17, 2018 (Dkt. No. 29), at 1. The Agreement (Joint Ltr. Ex. 1) requires defendants to pay $22,500 in full settlement of plaintiff's claims over a two month period. Ag. ¶ 2. It also includes a mutual release, limited to wage-related matters "that could have been alleged in this Action," extending to the parties and to their respective successors, assigns and affiliated entities. *Id*. ¶ 1.

1

After careful consideration of the parties' submissions, the Court concludes that the terms of the Agreement are fair and reasonable.

## ANALYSIS

Settlements that dismiss FLSA claims with prejudice require approval of the district court or the Department of Labor. *See Cheeks*, 796 F.3d at 206. Before a district court enters judgment in such a case, it must scrutinize the settlement to determine that it is "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In making that determination, the Court must consider the totality of the circumstances, including, but not limited to the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (citing *Medley v. Am. Cancer Soc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). For the reasons that follow, I find that the Agreement in this action is fair and reasonable.

### I. NEGOTIATIONS AND FINANCIAL TERMS

Applying the *Wolinsky* factors, the Court is satisfied that the financial terms of the settlement are fair and reasonable. The gross settlement amount of $22,500 is reasonable in light of plaintiff's estimate of defendants' potential liability and the litigation risks. Plaintiff's counsel estimates that, if this matter were to proceed to trial, the total potential damages (including liquidated damages and $10,000 for the record-keeping violations) would be $25,400, and that plaintiff's recovery under the Agreement (after attorney's fees and reimbursements) represents 200% of his unpaid back wages. Joint Ltr. at 2-3. Thus, I am satisfied that the settlement amount falls within "the range of [plaintiff's] possible recovery." *Wolinsky*, 900 F. Supp. 2d at 335. Additionally, the parties note that the "[d]efendants are in dire financial condition," such that "if a

jury were to award all damages alleged by Plaintiff, [it] would not be collectable." Joint Ltr. at 2. Settlement at this juncture thus permits each party to avoid the risk of an adverse result, as well as the "anticipated burdens and expenses" of continued litigation. *Wolinsky*, 900 F. Supp. 2d at 335. Finally, there is no evidence that the settlement was the result of collusion or fraud. The parties state that the settlement was reached after an extended period of litigation in an arbitration forum and "lengthy" negotiations, "involving dozes of emails, numerous telephone conferences, letters, and damage calculation analysis." Joint Ltr. at 2, 3.

## II.     RELEASES

The parties' release is both mutual and limited, Ag. ¶ 1, and thus does not appear to raise any fairness issues. *See Pligza v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016) (noting types of release provisions approved by judges in this District in wage and hour cases).

## III.    ATTORNEYS' FEES AND COSTS

Plaintiff's counsel seeks reimbursement of $940.80 for costs actually incurred in this action, *see* Joint Ltr. at 4-5, including filing fees, fees for service of the summons and complaint, and legal research and transportation costs. *Id*. Ex. 2. These costs are commonly reimbursed by courts in this District and are reasonable. *See Hernandez v. JRPAC Inc.*, 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017).

In addition, plaintiff's counsel seeks $6,881.20 in fees, which also appears reasonable in the context of this action. The award sought comes to approximately 32% of the net settlement amount of $21,559.20. Joint Ltr. at 3, 5. *See Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) ("barring unusual circumstances," a fee "in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs"). In support of the fee request, plaintiff's counsel submitted a detailed timesheet

showing that three individuals (with hourly rates ranging from $90 to $400) worked a total of 53.4 hours on plaintiff's case, for a total "lodestar" of $18,622.00. Joint Ltr. at 3-4; *id*. Ex. 2.

This Court's practice, even in non-class cases, is to review counsel's billing records to ensure that a seemingly reasonable contingency agreement is not, in fact, unreasonable in light of any unusual circumstances or unique features of the case. *See, e.g.*, *Zhang*, 2015 WL 5122530, at *2-4 (reviewing reasonableness of counsel's fees under both the lodestar and the percentage-of-recovery method); *Velasquez v. Safi-G, Inc.*, 137 F. Supp. 3d 582, 586 (S.D.N.Y. 2015) (rejecting one-third contingency fee as unreasonable where, among other things, little work was done prior to settlement and "nearly half" was done "after counsel had already been paid"). In this case, the billing records raise no such concerns.

## CONCLUSION

Having found that the Agreement is fair and reasonable, as required by *Cheeks*, 796 F.3d at 206, the Court approves the parties' settlement. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. The Clerk of the Court is directed to close the case.

Dated: New York, New York
      March 2, 2018

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**